IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHNNY THOMAS, A BANKRUPTCY TRUSTEE OF PERFORMANCE PRODUCTS, INC.; JAMES PEARCY, CAROLYN PEARCY, IN HER CAPACITY AS TRUSTEE OF THE PEARCY FAMILY TRUST, TRUSTEE OF THE PEARCY MARITAL TRUST, AND EXECUTOR OF THE ESTATE OF JAMES PEARCY; <br><br>*Plaintiffs,* <br><br> vs. <br><br> LOU ANN HUGHES, ADVANCED PROBIOTICS, LLC, PERFORMANCE PROBIOTICS, LLC, <br><br>*Defendants.* | § § § § § § § § § § § § § § § § § § § § § | SA-16-CV-00951-DAE |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge David A. Ezra:**

This Report and Recommendation concerns Plaintiffs' Application for Charging Order [#225]. The motion was referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiffs' motion be **GRANTED**.

**I. Procedural Background**

The record in this case reflects that on March 4, 2020, the Court awarded judgment in favor of Plaintiffs Johnny Thomas, as Bankruptcy Trustee of Performance Products, Inc., and Carolyn Pearcy, in her capacities as Trustee of the Pearcy Marital Trust and Executor of the Estate of James Pearcy, following a jury trial. The judgment ordered that (a) Plaintiff Carolyn

1

Pearcy shall recover from Defendants Performance Probiotics, LLC and Lou Ann Hughes, jointly and severally, the amount of $1,442,580.06 in damages and $1,200,000.00 in punitive damages plus post-judgment interest and (b) Plaintiff Johnny Thomas shall recover from Hughes the amount of $859,490.00 plus post-judgment interest.  (Final J. [#189].)  On July 17, 2020, the Court adopted the undersigned's report and recommendation regarding attorney's fees awarding Plaintiffs $409,182.74 in attorney's fees and expenses.  (R&R [#212]; Order [#224].)  On July 17, 2020, the Court denied Defendants' Renewed Motion for Judgment as a Matter of Law and Motion for New Trial, meaning the Court's Final Judgment dated March 4, 2020 is final.  (Order [#223].)  The total amount of the final judgment against Hughes, including attorney's fees, but excluding post-judgment interest, is $3,911,252.80. The judgment remains unpaid, and Defendants have appealed the final judgment to the Fifth Circuit.

## II.  Analysis

Plaintiffs' motion currently before the Court asks the Court to enter a charging order with respect to Hughes's membership in the Texas limited liability company M. G. & Sons, LLC to satisfy the final judgment against her pursuant to Section 101.112 of the Texas Business Organizations Code.  Section 101.112 provides the following:

> (a) On application by a judgment creditor of a member of a limited liability company or of any other owner of a membership interest in a limited liability company, a court having jurisdiction may charge the membership interest of the judgment debtor to satisfy the judgment.
>
> (b) If a court charges a membership interest with payment of a judgment as provided by Subsection (a), the judgment creditor has only the right to receive any distribution to which the judgment debtor would otherwise be entitled in respect of the membership interest.
>
> (c) A charging order constitutes a lien on the judgment debtor's membership interest. The charging order lien may not be foreclosed on under this code or any other law.

Tex. Bus. Orgs. Code Ann. § 101.112.  A charging order is the "exclusive remedy by which a judgment creditor of a member or of any other owner of a membership interest may satisfy a judgment out of the judgment debtor's membership interest."  *Id.* at § 101.112(d).  A judgment creditor "does not have the right to obtain possession of, or otherwise exercise legal or equitable remedies with respect to, the property of the limited liability company."  *Id.* at § 101.112(f).

Attached to Plaintiffs' motion is a copy of the Certificate of Formation and 2018 Public Information Report for M. G. & Sons, LLC, demonstrating that Hughes is the sole member of M. G. & Sons.  (LLC Docs. [#225-1].)  Plaintiffs argue that as a judgment debtor Hughes's membership interest in M. G. & Sons is subject to a charging order under Section 101.112, which constitutes a lien on the membership interest of Hughes in M. G. & Sons.  Plaintiffs contend they have the right to receive any distribution to which Hughes would otherwise be entitled with respect to her membership interest in M. G. & Sons and that any membership distributions, profits, cash, assets, or other monies due or that shall become due by Hughes by virtue of that membership shall be paid by Hughes, M. G. & Sons, and/or any third party to Plaintiffs through their counsel of record.  Furthermore, Plaintiffs ask the Court to order that Hughes and M. G. & Sons be required to obtain leave of court before transferring any asset of M. G. & Sons to any third party, transferring any funds to any third party except for transactions in the ordinary course of business, or transferring Hughes's interest in M. G. & Sons to any third party.  According to Plaintiffs, the sole current asset of M. G. & Sons is real estate located at 727 Isom Road, San Antonio, Texas.

Defendants' response acknowledges that Plaintiffs have received a judgment that has not been superseded or otherwise stayed pending appeal and that Texas law allows for a charging order on application by judgment creditors of a member of a limited liability company like

3

Hughes.  Defendants argue, however, that Plaintiffs' motion seeks to go beyond what Section 101.112 allows in two respects.  First, Hughes takes issue with the language used by Plaintiffs in their motion that the charging order "direct[] that M. G. & Sons, LLC pay to Plaintiffs all funds and assets whatsoever, which by virtue of Hughes's membership interest would have been distributed to Hughes."  (Mtn. [#225] at ¶ 4.)  Hughes argues that this language does not track Section 101.112(b) and that a proper charging order would simply state that Hughes's interest in M. G. & Sons is directed to pay the judgment creditors "any distribution to which the judgment debtor would otherwise be entitled in respect of the membership interest."

Second, Hughes opposes Plaintiffs' request for language in the charging order requiring Hughes to obtain leave of court before transferring real property, funds, or her interest in M. G. & Sons to a third party.  Hughes argues that this language would violate Section 101.112(f) because it is an attempt to "exercise legal or equitable remedies with respect to the property of the limited liability company."

Plaintiffs respond to these arguments by maintaining that the language in their proposed charging order is not overbroad in light of the jury's finding that Hughes engaged in fraudulent transfers to frustrate Pearcy's attempts to collect his judgment.  Plaintiffs argue that they have well-founded concerns that Hughes may again attempt to circumvent the charging order by transferring something other than "distributions" to herself from M. G. & Sons and then claim the transfer was not subject to the charging order.  As to the argument that the charging order application requests improper legal or equitable remedies over the property of M. G. & Sons, Plaintiffs respond that the proposed requirement that Hughes seek leave of court before transferring assets of or interests in M. G. & Sons simply provides security against any attempts at future fraudulent transfers.

The undersigned agrees with Plaintiffs that their proposed charging order language is not overbroad. The language "directing" M. G. & Sons, LLC to pay to "Plaintiffs all funds and assets whatsoever, which by virtue of Hughes's membership interest would have been distributed to Hughes" that is challenged by Defendants appears in Plaintiffs' motion and not the proposed charging order. The proposed charging order states the following:

> Plaintiffs have the right to receive any distribution to which Hughes would otherwise be entitled in respect of her membership interest in M. G. & Sons, LLC. Any membership distributions, profits, cash, assets, or other monies due or that shall become due to Hughes by virtue of her membership in M. G. & Sons, LLC shall be paid by Hughes, M. G. & Sons, LLC, and/or any third party to the Plaintiffs through their counsel of record.

(Proposed Order [#225-2] at 2.) Section 101.112(b) entitles the judgment creditor to the "right to receive any distribution to which the judgment debtor would otherwise be entitled in respect of that membership interest." Plaintiffs direct the Court to the charging order language used in *Pajooh v. Royal W. Investments LLC, Series E*, 518 S.W.3d 557 (Tex. App.—Houston [1st Dist. 2017, no pet.), which ordered U.S. Capital Investments to pay to Royal West Investment LLC, Series E "all funds and assets whatsoever, which by virtue of the membership interest . . . would have been distributed" to Pajooh. *Id.* at 560. Given Hughes's history evading the payment of monetary judgments and the jury finding that Hughes engaged in fraudulent transfers of assets, the specificity included in Plaintiffs' proposed charging order language is not overbroad. Defendants fail to direct the Court to any authority prohibiting the inclusion of the words "profits, cash, assets, or other monies" to clarify the scope of possible "distributions" by virtue of Hughes's membership interest in M. G. & Sons, LLC.

Regarding the proposed language requiring Hughes to seek leave of court before transferring real property, assets, or her membership interest, the undersigned also finds this

language does not run afoul of the parameters of Section 101.112.  Again, the Texas Business Organizations Code prohibits Plaintiffs from obtaining possession of or otherwise exercising legal or equitable remedies with respect to the property of the M. G. & Sons, LLC.  Tex. Bus. Orgs. Code § 101.112(f).  Plaintiffs do not seek to obtain possession of the real property located at 727 Isom Road, San Antonio, Texas.  As Plaintiffs point out in their reply, "[t]he charging order was developed to prevent disruption of a partnership's business by a judgment creditor seeking to force an execution sale of a partner's interest to satisfy a nonpartnership debt." *Pajooh*, 518 S.W.3d at 562 (citing *Stanley v. Reef Secs., Inc.*, 314 S.W.3d 659, 664 (Tex. App.—Dallas 2010, no pet.)).  Accordingly, a charging order entitles a judgment creditor to receive a partner's share of profits directly from a partnership "when and if those profits are distributed," but does not entitle a creditor to participate in the partnership or compel distribution of profits. *Id.* at 562–63.  Nothing in Plaintiffs' proposed charging order disrupts M. G. & Sons' business, forces the sale of Hughes's interest, or compels distribution of profits.  The requirement that Hughes seek leave of court prior to transferring assets of or her interest in M. G. & Sons is not prohibited by Section 101.112(f) and is justified in light of Hughes's history of fraudulent transfers to avoid payment of a judgment.

### III.  Conclusion and Recommendation

Having considered Plaintiffs' motion, the response and reply thereto, the record in this case, and governing law, the undersigned recommends that Plaintiffs' Application for Charging Order [#225] be **GRANTED** and the Charging Order attached to Plaintiffs' motion [#225-2] be entered.

### IV.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 24th day of August, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE